UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD DEWAINE SCOTT,<br><br>　　　　　　　　Petitioner,<br><br>　　　　v.<br><br>COMPTON SUPERIOR COURT,<br><br>　　　　　　　　Respondent. | Case No. CV 20-3682-JVS (KK)<br><br>ORDER SUMMARILY DISMISSING ACTION WITH PREJUDICE |

## I.

## **INTRODUCTION**

Petitioner Floyd Dewaine Scott ("Petitioner") filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF Docket No. ("Dkt.") 1. On April 24, 2020, the Court issued an Order to Show Cause Why this Action Should Not Be Summarily Dismissed for Failure to State a Cognizable Habeas Claim. Dkt. 5. For the reasons discussed below, the Court summarily DISMISSES this action with prejudice.

///

///

///

///

## II.

## **SUMMARY OF PROCEEDINGS**

On April 13, 2020, Petitioner, an inmate at California State Prison – Los Angeles County ("CSP-LAC"), constructively filed[1] a pro se Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 ("Section 2254"). See Dkt. 1, Pet. Petitioner challenges the restitution fine imposed as a result of his criminal conviction. Id. Petitioner argues the failure to hold an "ability to pay determination hearing" before ordering restitution violated his due process rights. Id.

On April 24, 2020, the Court issued an Order to Show Cause Why this Action Should Not Be Summarily Dismissed for Failure to State a Cognizable Habeas Claim ("OSC"). Dkt. 5. The OSC instructed Petitioner to (a) "[f]ile a written response explaining why Petitioner's claims are cognizable on habeas review," or (b) "request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a)." Id. at 3.

On May 13, 2020, Petitioner constructively filed a Response to the OSC. Dkt. 8. Petitioner argues the superior court's "failure to hold an evidentiary hearing on [his] ability to pay restitutional fines prior to issuing an order to collect funds from [Petitioner's] constitutionally protected inmate trust account" violates due process and his claims "are cognizable per law." Id. at 7.

The matter thus stands submitted.

///
///
///
///
///

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

# III.

# **DISCUSSION**

# **THE PETITION IS SUBJECT TO DISMISSAL**
# **FOR FAILURE TO STATE A CLAIM**

## A. APPLICABLE LAW

Under Section 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in" an action filed pursuant to 42 U.S.C. § 1983 ("Section 1983"). Muhammad v. Close, 540 U.S. 749, 750, 124 S. Ct. 1303, 158 L. Ed. 2d 32 (2004) (citations omitted).

Section 2254(a) uses the term "in custody" twice, with two different requirements. Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010). The first usage (i.e., that the petition be filed "in behalf of a person in custody") requires that the petitioner is "under the conviction or sentence under attack at the time his petition is filed." Id. at 978-79, 983 n.6 (quoting Resendiz v. Kovensky, 416 F.3d 952, 956 (9th Cir. 2005)). The second usage (i.e., that the application may be entertained "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States") requires "a nexus between the petitioner's claim and the unlawful nature of the custody." Id. at 978-80. "[W]hen a prisoner's claim would not necessarily spell speedier release, that claim does not lie at the core of habeas corpus and may be brought, if at all, under § 1983." Skinner v. Switzer, 562 U.S. 521, 535 n.13, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011) (citations and internal quotation marks omitted); see also Heck v. Humphrey, 512 U.S. 477, 481-83 (1994). Thus, a challenge to a non-custodial component of a sentence, i.e., a restitution fine, does not suffice to state a claim for relief under Section 2254. Bailey, 599 F.3d at 978.

### B.  ANALYSIS

Here, Petitioner challenges his restitution fine, and requests an "ability to pay" hearing or that the restitution fine be reversed and removed.  Dkt. 1 at 14.

Petitioner's claim challenging his restitution fine, however, does not "call into question the lawfulness of the conviction or confinement[,]" challenge the fact or duration of his custody, or "seek[ ] immediate or speedier release."  Heck, 512 U.S. at 481-83.  Petitioner's claim is, therefore, not cognizable under Section 2254.  Bailey, 599 F.3d at 978; Phillips v. Sherman, No. 5:19-CV-01772-CBM (SHK), 2019 WL 6620488, at *3 (C.D. Cal. Oct. 18, 2019), report and recommendation adopted, 2019 WL 6618930 (C.D. Cal. Dec. 5, 2019) (finding petitioner failed to state a cognizable claim for habeas relief where his requested relief was a modification of his restitution fines).

### IV.
### ORDER

Accordingly, this Court ORDERS Judgment be entered summarily DISMISSING this action with prejudice.

Dated: May 28, 2020

HONORABLE JAMES V. SELNA
United States District Judge

Presented by:

HONORABLE KENLY KIYA KATO
United States Magistrate Judge

4